**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL CASE NO. 24-99-DLB-CJS**

**COLE BRADLEY**                                                               **PLAINTIFF**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**PELOTON INTERACTIVE, INC., et al.**                     **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Motion to Dismiss filed by Defendants Peloton Interactive, Inc. and "Peloton-Denver" (together, "Peloton").[1] (Doc. # 5). Plaintiff Cole Bradley filed a late, three-sentence Response (Doc. # 6), Peloton filed a Reply (Doc. # 7), and the Motion is now ripe for review. For the reasons stated below, Peloton's Motion to Dismiss (Doc. # 6) is **granted**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The factual circumstances in this action are identical to a recently dismissed case, *Bradley v. Peloton Interactive, Inc., et al.*, No. 2:23-cv-118-DLB-CJS, 2024 WL 1123577 (E.D. Ky. Mar. 13, 2023). In that case, the Court dismissed every one of Plaintiff's claims with prejudice except for his claim of fraudulent misrepresentation, which the Court dismissed without prejudice. *Id.* at \*6.

---

[1] In the Motion, Peloton submits that Peloton-Denver is "a non-existent entity[.]" (Doc. # 6 at 1 n.1). Peloton further submits that for purposes of the Motion, Peloton-Denver "adopts and offers the arguments made under the collective 'Peloton.'" (*Id.*). However, Peloton-Denver "does not waive any arguments for prompt dismissal on the basis of its non-existent status." (*Id.*).

Following the dismissal of the previous case, Plaintiff refiled his case in Kenton Circuit Court with a single claim of fraudulent misrepresentation. *See Bradley v. Peloton Interactive, Inc., et al.*, No. 24-CI-766, Kenton Circuit Court, Kenton County, Kentucky. Shortly thereafter, the Defendants filed a Notice of Removal in this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1).

After filing the Notice of Removal, Defendants filed the instant Motion to Dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). (Doc. # 5). Plaintiff filed a Response (Doc. # 6), and Defendants filed a Reply (Doc. # 7). The Court will consider the arguments herein.

## II.   DISCUSSION

### A.   Standard of Review

Defendants move to dismiss the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 8). The Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). This "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quotations omitted).

The plaintiff must put forward enough facts that the court could reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Hooker v. Anderson*, 12 F. App'x 323, 325 (6th Cir. 2001) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Federal courts apply the substantive law of the forum state in diversity actions. *See City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994)). Therefore, Kentucky substantive law will apply to Plaintiff's claim. That said, federal pleading standards still control. *See Lee v. Vand. Univ.*, No. 22-5607, 2023 WL 4188341, at *3 (6th Cir. June 22, 2023) (citing *Wilkey v. Hull*, 366 F. App'x 634, 637 (6th Cir. 2010)); *see also Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F.Supp.3d 764, 771-72 (E.D. Ky. 2017).

**B.   Analysis**

**1.   Procedural Deficiencies**

Defendants allege Plaintiff did not sufficiently plead fraudulent misrepresentation with particularity as required by Federal Rule of Civil Procedure 9(b). (Doc. # 5 at 4-5). They argue that the claim should be dismissed with prejudice because Plaintiff was on notice of the requirements due to the dismissal of the prior lawsuit. (*Id.*).

Plaintiff's Response is certainly a bold approach to allegations that he failed to plead facts with particularity. First, the Response was three days late from the deadline established in the Joint Local Rules of Civil Practice. *See* L.R. 7.1(c). As noted in the

3

previous Order, Plaintiff's failure to timely file his Response is itself a sufficient basis for granting the Motion. See L.R. 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."); see *Bradley*, 2024 WL 1123577, at *3.

Second, the entirety of Plaintiff's Response reads as follows: "We stated more factual allegations as the Court directed at the last filing. We have met the standard. It's that simple." (Doc. # 6). Plaintiff provides nothing more. Plaintiff's counsel was on notice from the last case that a simple, one page response to a motion to dismiss was insufficient and grounds for granting the motion as well. See *Bradley*, 2024 WL 1123577, at *3 ("Bradley's failure to adequately respond to the Motion constitutes a second reason for granting it.") (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). It is unclear why Plaintiff's counsel would choose to proceed with an even shorter response here after being admonished for this conduct previously.

### 2. Fraudulent Misrepresentation

The above procedural deficiencies justify granting the Motion. However, in fairness to Plaintiff, the Court will nevertheless determine whether his claims survive Defendants' Rule 12(b)(6) moiton. For the reasons stated below, the Court concludes that they do not.

Under Kentucky law, fraudulent misrepresentation is comprised of six elements:

(1) The defendant made a material representation to the plaintiff;
(2) The representation was false;
(3) The defendant knew the representation to be false or made it with reckless disregard for its truth or falsity;
(4) The defendant intended to induce the plaintiff to act upon the misrepresentation;
(5) The plaintiff reasonably relied upon the misrepresentation; and
(6) The misrepresentation caused injury to the plaintiff.

*Giddings & Lewis, Inc. v. Indus. Risk Ins.*, 348 S.W.3d 729, 747 (Ky. 2011). Under Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). To meet this requirement, the party "must allege the time, place, and content of the misrepresentation on which [the plaintiff] relied, the fraudulent scheme, the intent of the defendants, and the resulting injury." *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F. Supp. 2d 807, 821 (E.D. Ky. 2013) (quoting *Anderson v. Pine S. Cap.*, 177 F. Supp. 2d 591, 596-97 (W.D. Ky. 2001)) (internal quotation marks omitted).

As noted in the prior Order, "an order of dismissal under Rule 12(b)(6) is construed to be a ruling on the merits and is entered with prejudice." *Worick Land Holdings, LLC v. Scott Cnty. Rural Land Mgmt. Bd., Inc.*, Civil Action No. 5:23-049-DCR, 2023 WL 3910246, at *3 (E.D. Ky. June 8, 2023) (citing *Rogers v. Stratton Indus.*, 798 F.2d 913, 917 (6th Cir. 1986)). However, the Sixth Circuit has cautioned against dismissing claims with prejudice on Rule 9(b) grounds without first affording the plaintiff an opportunity to amend the complaint. *See U.S. ex rel. Bledsoe v. Cmty. Health Syss., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). This was the reasoning the Court relied on previously in dismissing Plaintiff's fraudulent misrepresentation claim *without* prejudice. *See Bradley*, 2024 WL 1123577, at *6.

It is clear to the Court that Plaintiff did not use this opportunity to file a new complaint in compliance with Rule 9. As Defendants note, Plaintiff's new Complaint is full of short, conclusory statements and does not come close to meeting the particularity standards. (*See* Doc. # 5 at 5-8; Doc. # 1-2 at 5-10). The only changes between the initial complaint dismissed in the previous action and Plaintiff's new Complaint here are

as follows:

> 18. Peloton made material representations regarding this plan to Plaintiff that Peloton knew was false with the intent to induce Plaintiff to remain working at Peloton. These misrepresentations were made by email and in person by Peloton employees. Plaintiff relied on it and remained working at Peloton. . . .
>
> 47. Plaintiff was promised overtime by the Defendants. Another "false promise" by the Defendants to dupe/induce Plaintiff to maintain employment with the Defendants. This too is all based upon paragraph 18.

(Doc. # 1-2 at 5, 8).

Plaintiff's specific claim for fraudulent misrepresentation remains unchanged from the previous complaint. (*See* Doc. # 1-2 at 9). Here, Plaintiff includes even fewer facts to support his allegations. Plaintiff states the applicable law and explains:

> 68. All of the elements are met in Plaintiff's case as it was all a sham to dupe/induce Plaintiff into staying employed by Defendants during Covid.
>
> 69. As a direct and proximate result of Defendants' fraudulent misrepresentation, Plaintiff suffered financial and emotional damages.
>
> 70. As a result, Plaintiff is entitled to compensatory damages, interest, and attorneys' fees and costs.
>
> 71. As a result of Defendants' willful, wanton, and malicious actions, Plaintiff is entitled to punitive damages.

(Doc. # 1-2 at 9).

The new Complaint does not include the time, place, or content of the misrepresentation that Plaintiff relied upon. *See James T. Scatuorchio Racing Stable, LLC*, 941 F. Supp. 2d at 821. Plaintiff only states that the representations were made "by

email and in person" by Peloton employees to induce him to stay at the company, and that he was "promised" overtime.  (Doc. # 1-2 at ¶ 18, 47).  He does not include the content of the statements, who said them, or when it occurred.  Plaintiff barely articulates that Defendants' fraudulent scheme and intent was to induce Plaintiff to stay at the company, and he does not plead any injury with particularity either.

After the dismissal of the previous suit, Plaintiff was aware that (1) a late response can be grounds for granting a motion; (2) an insufficient response can be grounds for granting a motion; and (3) fraudulent misrepresentation requires specific pleading standards that Plaintiff was given another opportunity to meet.  *See Bradley*, 2024 WL 1123577, at *3, 6.  Despite the Court's warning, his new Complaint and Response are severely deficient in a number of ways that were completely avoidable had Plaintiff's counsel taken that warning to heart.

### III. CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss (Doc. # 5) is **GRANTED;**

(2) Plaintiff's fraudulent misrepresentation claim is **DISMISSSED WITH PREJUDICE**;

(3) This matter is **STRICKEN** from the Court's active docket; and

(4) **JUDGMENT** in favor of Defendants will be entered contemporaneously herewith.

This 15th day of August, 2024.



Signed By:
*David L. Bunning*
United States District Judge